# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| LISA ELIZABETH SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 18-CV-3074-CJW-KEM <br><br> **ORDER** |

## I.  INTRODUCTION

This case is before the Court on a Report and Recommendation (R&R) filed by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. (Doc. 15). Judge Mahoney recommends that I reverse and remand the decision by the Commissioner of Social Security (the Commissioner) denying Lisa Elizabeth Smith's ("claimant") application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Neither party has objected to the R&R. The deadline for such objections has expired.

## II.  APPLICABLE STANDARDS

### A.  *Judicial Review of the Commissioner's Decision*

The Court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642,

645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The Court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the Court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the Court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817,

822 (8th Cir. 1992)). The Court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Plaintiff suffers from pulmonary sarcoidosis, which leads to an inflammation of the lungs, and fibromyalgia. (Doc. 15, at 2). Claimant applied for disability benefits in August 2011. (AR 77). The Commissioner denies her application at all states of review. (AR 77, 103). In June 2015, claimant applied again for disability benefits, alleging an onset date of October 16, 2013, but asserting that she would be disabled under the grids once she turned 50 in September 2015. (AR 15, 26, 67, 86, 96, 103, 128). After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that claimant was not disabled as defined in the Act. (Doc. 25-26).

Claimant argues the ALJ erred in evaluating the medical opinions of Dr. Erin Peterson, plaintiff's treating physician. Judge Mahoney articulated the legal standard by which ALJs are to consider medical opinions along with the other evidence. (Doc. 15, at 6). Judge Mahoney reviewed the ALJ's discussion of Dr. Peterson's opinion and noted that the ALJ afforded little weight to that opinion because Dr. Peterson's records showed that claimant almost always had a normal range of motion and steady gate. (*Id.*). Judge Mahoney noted that the fact that claimant had a normal range of motion was not inconsistent with her complaints of pain and other limitations, citing case law. (Doc. 15, at 6-7). Judge Mahoney further noted that upon her review of Dr. Peterson's medical records, she could not find any notation that claimant had a steady gate. (*Id.*, at 7).

Judge Mahoney summarized a letter Dr. Peterson submitted in September 2015 opining on claimant's functional abilities. (*Id.*, at 8). Judge Mahoney noted that the ALJ

4

afforded this opinion "no weight" to the portion of the opinion attesting that claimant could not tolerate a full-time position because that opinion invaded the province of the Commissioner. (*Id.*). On the other hand, Judge Mahoney noted that the ALJ gave "significant weight" to the remainder of Dr. Peterson's opinion, which included an opinion that claimant needed scheduled and unscheduled breaks. (*Id.*). Judge Mahoney recognized that the ALJ did not explain why the ALJ omitted from the claimant's residual functional capacity ("RFC") assessment the need for claimant to have unscheduled breaks. (*Id.*).

Judge Mahoney noted that Dr. Peterson provided further opinions in a December 2015 checkbox form. (*Id.*, at 8-9). The ALJ gave these opinions only "partial weight" because they were provided in a checkbox form. (AR 24). Judge Mahoney found the ALJ improperly discounted these opinions when the basis for them were "easily gleaned from [Dr. Peterson's] treatment records" and other medical documents. (Doc. 15, at 11-12). After reviewing the ALJ's evaluation of other medical records, Judge Mahoney concluded that "the ALJ's opinion does not reflect good reasons for discounting Dr. Peterson's opinions." (*Id.*, at 14). Judge Mahoney recommends that the Court remand the case to the Social Security Administration for the ALJ to further consider Dr. Peterson's opinions. (*Id.*).

Judge Mahoney also analyzed the ALJ's failure to include certain limitations in the RFC assessment. (*Id.*, at 14-17). Although Judge Mahoney found that the ALJ had good reason for not including some limitations, she found "that substantial evidence does not support the ALJ's failure to include in his RFC determination a need for unscheduled absences." (*Id.*, at 16). Judge Mahoney also found that the ALJ "erred by failing to acknowledge the treatment records reflecting her frequent upper respiratory infections and to discuss the impact, if any, such infections would have on [claimant's] ability to attend work without the need for unscheduled absences." (*Id.*, at 17). Judge Mahoney

5

recommends that the Court remand the case "for the ALJ to consider such treatment records and to explain why [claimant] would or would not be able to work full time without the need for unscheduled absences" and to allow claimant "to submit updated treatment records reflecting any further treatment." (*Id.*).

## IV. DISCUSSION

Because the parties did not object to the R&R, the Court reviewed it for clear error. Judge Mahoney applied the appropriate legal standards in considering whether the ALJ's RFC determination was supported by some medical evidence. Based on the Court's review of the record, the Court finds no error—clear or otherwise—in Judge Mahoney's recommendation. As such, the Court adopts the R&R in its entirety.

## V. CONCLUSION

For the reasons stated:

1. The Court **accepts** Judge Mahony's R&R (Doc. No. 15) without modification. *See* 28 U.S.C. § 636(b)(1).
2. Pursuant to Judge Mahoney's recommendation:
    a. The Commissioner's determination that claimant was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as described by Judge Mahoney.
    b. Judgment shall enter in favor of claimant and against the Commissioner.
    c. If claimant wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED** this 5th day of February, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa